Louise Cheney, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Anne W. Cheney, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Robert Cheney, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 42709, 42710, 42711, 45667, 46529, 46530.   Promulgated March 11, 1931.

*Paul Dulaney, Esq.,* for the petitioners.

*Miles J. O'Connor, Esq.,* and *E. L. Updike, Esq.,* for the respondent.

OPINION.

STERNHAGEN : The petitioners urge that the operation of the Green-way Farm was a business and hence that the excess each year of cost of operation over receipts (including bookkeeping charges to the owners for produce) was deductible. The Commissioner has held that these were not business losses, and we think that the evidence proves he was right.

The petitioners owned and operated the farm not for the purpose of profit or livelihood, but to provide them at their country place with food of good quality. Sale or profit was not their purpose. Sale was merely a resulting incident in the disposition of the minor and varying surplus. Evidently the farm would have been carried on whether sale could have been made of this surplus or not. The primary intention was not to run a business or make a profit, but to produce good food for home consumption. The testimony that the accounting and managing firm were instructed to operate the farm "on a business basis and reduce expenses and increase receipts as much as possible" shows but a natural instruction to operate with such economy as was consistent with the production sought and to avoid wasteful operation. And the hope expressed by the accountant in his testimony, that some day a profit would be realized, is not supported by the facts. The reduction in expenses and the increases in sales and receipts during four years do not indicate when, if ever, they may be expected to cross into a net gain; and, furthermore, in such a computation it is incorrect to treat as a profit any part of the arbitrary charge made by petitioners in respect of goods consumed by themselves. It would be specious to say that a vain hope that on some remote day a profit may result is enough to give the operation of the farm the character of trade or business. It is far different from saying, as the Board and the courts have in other cases, that the fact of a loss does not deprive a business enterprise of its character as a business. Here the business character is otherwise lacking, and such losses as there were were therefore not incurred in trade or in transactions entered into for profit.

*Judgment will be entered for the respondent.*

SEAWELL dissents.